No. 25-4607

IN THE

# United States Court of Appeals
# for the Fourth Circuit

UNITED STATES OF AMERICA,
Appellee,

v.

SINA GHOLINEJAD,
Appellant.

———————————

On Appeal from the United States District Court
for the Eastern District of North Carolina (Myers, C.J.)

———————————

**OPENING BRIEF FOR APPELLANT**

———————————

G. ALAN DUBOIS
FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF NORTH CAROLINA

ANDREW DESIMONE
ASSISTANT FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF NORTH CAROLINA
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
(919) 856-4236

APRIL 14, 2026          *Counsel for Appellant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................ii

STATEMENT OF JURISDICTION ....................................................................1

STATEMENT OF THE ISSUE .............................................................................2

STATEMENT OF THE CASE ..............................................................................3

SUMMARY OF ARGUMENT ..............................................................................6

ARGUMENT ...........................................................................................................7

    The district court reversibly erred under *United States v. Rogers* when it imposed a discretionary notification duty in the written judgment that materially differs from the orally pronounced notification duty...7

CONCLUSION ......................................................................................................11

STATEMENT REGARDING ORAL ARGUMENT ...............................12

CERTIFICATION OF COMPLIANCE

# TABLE OF AUTHORITIES

## CASES

*United States v. Bullis,*
    122 F.4th 107 (4th Cir. 2024).................................................. 6, 10

*United States v. Cisson,*
    33 F.4th 185 (4th Cir. 2022) .......................................................... 7

*United States v. Gilbert,*
    2025 U.S. App. LEXIS 517 (4th Cir. 2025) ............................... 9, 10

*United States v. Kemp,*
    88 F.4th 539 (4th Cir. 2021) ......................................................... 11

*United States v. Lassiter,*
    96 F.4th 629 (4th Cir. 2024) ..................................................... 7, 11

*United States v. Mathis,*
    103 F.4th 193 (4th Cir. 2024) ................................................... 8, 10

*United States v. Ojo,*
    2023 U.S. App. LEXIS 15340 (4th Cir. 2023) ........................... 9, 10

*United States v. Rogers,*
    961 F.3d 291 (4th Cir. 2020) ................................................ *passim*

*United States v. Singletary,*
    984 F.3d 341 (4th Cir. 2021)............................................ 4, 6, 7, 11

*United States v. Tostado,*
    2026 U.S. App. LEXIS 9269 (4th Cir. 2026) ........................... 8, 11

*United States v. Ulysse,*
    2024 U.S. App. LEXIS 20992 (4th Cir. 2024) ..................... *passim*

## STATUTES

18 U.S.C. § 2 ................................................................................................3

18 U.S.C. § 371 ...........................................................................................3

18 U.S.C. § 1030(a)(5)(A) ...........................................................................3

18 U.S.C. § 1030(a)(7)(C) ...........................................................................3

18 U.S.C. § 1030(c)(3)(A) ...........................................................................3

18 U.S.C. § 1030(c)(4)(B) ...........................................................................3

18 U.S.C. § 1343 .........................................................................................3

18 U.S.C. § 1349 .........................................................................................3

18 U.S.C. § 1956(h) .....................................................................................3

18 U.S.C. § 3231 .........................................................................................1

18 U.S.C. § 3742 .........................................................................................1

28 U.S.C. § 1291 .........................................................................................1

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this criminal prosecution pursuant to 18 U.S.C. § 3231. The district court sentenced the Appellant, Sina Gholinejad, on November 3, 2025, and entered a final written judgment on November 5, 2025. Mr. Gholinejad timely appealed on November 6, 2025. Pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, this Court has jurisdiction over the timely appeal from a final judgment.

## STATEMENT OF THE ISSUE

Whether the district court reversibly erred under *United States v. Rogers* when it imposed a discretionary notification duty in the written judgment that materially differs from the orally pronounced notification duty?

## STATEMENT OF THE CASE

### *Procedural History*

On April 4, 2024, a grand jury sitting in the Eastern District of North Carolina indicted Mr. Gholinejad on seven counts: (1) conspiracy to commit an offense against or defraud the United States, in violation of 18 U.S.C. § 371; (2) aiding and abetting damage to a protected computer, in violation of 18 U.S.C. §§ 2, 1030(a)(5)(A), and 1030(c)(4)(B); (3) aiding and abetting a threat to damage a protected computer, in violation of 18 U.S.C. §§ 2, 1030(a)(7)(C), and 1030(c)(3)(A); (4) aiding and abetting damage to a protected computer, in violation of 18 U.S.C. §§ 2, 1030(a)(5)(A), and 1030(c)(4)(B); (5) aiding and abetting a threat to damage a protected computer, in violation of 18 U.S.C. §§ 2, 1030(a)(7)(C), and 1030(c)(3)(A); (6) conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349; and (7) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). JA018-034.

On May 27, 2025, Mr. Gholinejad pleaded guilty pursuant to a plea agreement to count four (aiding and abetting damage to a protected

3

computer) and count 6 (conspiracy to commit wire fraud) in exchange for dismissal of the remaining counts. JA037-087.[1]

At sentencing on November 3, 2025, the district court sentenced Mr. Gholinejad to 72 months in prison and three years of supervised release. JA196-197. The district court entered its written judgment on November 5, 2025. JA001-009, JA016. Mr. Gholinejad timely appealed on November 6, 2025. JA035-036.

### Relevant Factual Background

At sentencing, the district court sentenced Mr. Gholinejad to 72 months in prison and three years of supervised release. JA196-197. The district court also ordered Mr. Gholinejad to pay a special assessment of $200 and restitution of $14,655,096.24. JA140-141, JA200, JA203-205.

As a condition of supervised release, the district court orally ordered, "If the Defendant has any unpaid amount of restitutions, fines, or special assessments, the Defendant shall notify the probation office of any material change in economic circumstances that might affect the

---

[1] Although Mr. Gholinejad's written plea agreement included an appellate waiver, he raises only a *Rogers* error, which falls outside the scope of that appellate waiver. *See, e.g., United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).

4

Defendant's ability to pay all of these financial conditions *tied to the Defendant's restitution obligation.*" JA199-200 (emphasis added).

However, the district court's later-filed written judgment did not tie Mr. Gholinejad's notification duty solely to his restitution obligation. Rather, the written judgment tied that notification duty both to his restitution obligation and to his responsibility to pay the special assessments: "If the defendant has any unpaid amount of restitutions, fines, or special assessments, the defendant shall notify probation office of any material change in economic circumstances that might affect the defendant's ability to pay." JA006.

## SUMMARY OF ARGUMENT

The district court erred by ordering a discretionary notification duty in its written judgment that materially differs from the notification duty announced at sentencing. "[A] material discrepancy between written and orally-articulated discretionary conditions of supervision violates a criminal defendant's right to be present for sentencing[,]" *United States v. Bullis*, 122 F.4th 107, 117 (4th Cir. 2024), and requires this Court to vacate the sentence and remand for the district court "to conduct the sentencing anew." *United States v. Singletary*, 984 F.3d 341, 344, 346 n.4 (4th Cir. 2021).

Here, the district court's oral pronouncement tied Mr. Gholinejad's duty to notify the probation office of any material change in economic circumstances *solely* "to the Defendant's restitution obligation." JA199-200. However, the district court's later-filed written judgment tied his notification duty *both* to his obligation to pay restitution *and* to his obligation to pay the special assessments. JA006. The material discrepancy amounts to *Rogers* error. This Court should therefore vacate the sentence and remand for resentencing.

6

# ARGUMENT

**The district court reversibly erred under *United States v. Rogers* when it imposed a discretionary notification duty in the written judgment that materially differs from the orally pronounced notification duty.**

## *Standard of Review*

Where, as here, a defendant raises a claim of *Rogers* error, this Court employs *de novo* review to compare the court's oral pronouncement of the sentence with the written judgment. *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022); *accord United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021); *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020).

## *Argument*

"A defendant has the right to be present when he is sentenced." *Rogers*, 961 F.3d at 296. "And because a defendant is 'present at the announcement of the sentence, but not when the judgment is later entered,' ... it follows that if a conflict arises between the orally pronounced sentence and the written judgment, then the oral sentence controls." *Id.* (internal citation omitted). "When a *Rogers* error occurs, [this Court] must vacate the entire sentence and remand for full resentencing." *United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir. 2024).

7

In *United States v. Bullis*, this Court clarified that "a material discrepancy between written and orally articulated discretionary conditions of supervision violates a criminal defendant's right to be present for sentencing." 122 F.4th 107, 117 (4th Cir. 2024). "*Rogers* and its progeny hold that the in-court pronouncement *is* the sentence and controls over any contrary or additional language in the written judgment." *United States v. Tostado*, 2026 U.S. App. LEXIS 9269 (4th Cir. 2026).

More specifically, this Court has consistently held that a written judgment's expansion of an orally pronounced notification requirement "outlin[es] an additional obligation" that amounts to *Rogers* error. *United States v. Mathis*, 103 F.4th 193, 198 (4th Cir. 2024). In *Mathis*, this Court held that the written judgment's "requirement that Mathis warn other occupants that the premises may be subject to searches is impermissibly inconsistent with the district court's oral pronouncement" of the warrantless search condition. *Id.* at 198.

Similarly, in *United States v. Ulysse*, this Court found reversible *Rogers* error where the written judgments outlined additional notification requirements. 2024 U.S. App. LEXIS 20992, *5 (4th Cir.

8

2024). Specifically, while the district court announced that Ulysse must "'abstain from … conduct' that posed a risk to another person[,]" the written judgments added that "if the probation officer were to 'determine [Ulysse posed] a risk to another person …, the probation officer may require [him] to notify the person about the risk[.]'" *Id.* at *4-5.

The district court also "announced that Ulysse 'must not possess or control any substances without a valid prescription'" but the written judgments "expand[ed] this condition by adding the requirement that if Ulysse were to have such a prescription, he 'must disclose the prescription information to the probation officer[.]'" *Id.* at *5; *see United States v. Gilbert*, 2025 U.S. App. LEXIS 517, *3-4 (4th Cir. 2025) (*Rogers* error where district court announced that "Gilbert 'not have any direct contact with any child'" but the written judgment "also require[d] Gilbert to report any unapproved direct contact with minors 'to the probation officer within 24 hours.'").

Finally, "although the court orally pronounced that Ulysse 'must make every effort to obtain full-time employment,' the written judgments also include[d] unannounced notification requirements if Ulysse were to change job positions or responsibilities." *Id.*; *see United States v. Ojo*,

2023 U.S. App. LEXIS 15340, \*7 (4th Cir. 2023) (*Rogers* error where district court announced that Ojo "must live at a place approved by the Probation Office" but the written judgment added that he had "10 days to notify his probation officer if he plans to change his residence or anything about his living arrangements[.]").

As in *Mathis*, *Gilbert*, *Ulysse*, and *Ojo*, Mr. Gholinejad's written judgment added an unannounced notification requirement that "impose[d] an additional obligation." *Mathis*, 103 F.4th at 198. At sentencing, the district court tied Mr. Gholinejad's duty to notify the probation office of any material change in his economic circumstances *solely* "to the Defendant's restitution obligation." JA199-200. However, the district court's later-filed written judgment tied his notification duty *both* to his obligation to pay restitution *and* to his obligation to pay the special assessments. JA006. "Because the district court's written judgment contains a [notification duty] that is substantially broader than its oral pronouncement, the two materially differ." *See Bullis*, 122 F.4th at 118. The discrepancy "was, therefore, reversible *Rogers* error." *Id.*

What's more, because the district court clearly and expressly limited Mr. Gholinejad's notification duty in pronouncing his actual

10

sentence, the written judgment "purports to change or add to what the district court said at sentencing rather than clarifying an ambiguity in the oral pronouncement." *Tostado*, 2026 U.S. App. LEXIS 9269 at *5. The written judgment therefore "purports to limit [Mr. Gholinejad's] liberty in ways the district court did not announce in [his] presence—the very thing [this Court's] *Rogers-Singletary* line of cases forbids." *Id.* at *6.

Because the notification duty in the written judgment materially differs from the notification duty announced at sentencing, this Court should "vacate and remand for resentencing[.]" *Id.* at 119. This Court has repeatedly reiterated, "Our precedents are clear: When a *Rogers* error occurs, we must vacate the entire sentence and remand for full resentencing." *Lassiter*, 96 F.4th at 640; *accord United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (vacatur and remand for full resentencing is the "clear rule" for remedying *Rogers* error). This Court should thus "vacate the entire sentence and remand for full resentencing." *Lassiter*, 96 F.4th at 640.

## CONCLUSION

For the foregoing reasons, this Court should vacate the judgment and remand Mr. Gholinejad's case for resentencing.

11

## STATEMENT REGARDING ORAL ARGUMENT

Because this case involves straightforward application of settled law, Mr. Gholinejad does not request oral argument.

Respectfully submitted,

G. ALAN DUBOIS
FEDERAL PUBLIC DEFENDER

/s/ *Andrew DeSimone*
ANDREW DESIMONE
ASSISTANT FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF NORTH CAROLINA
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
(919) 856-4236

12

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,682 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft 365 in 14-point Century Schoolbook font.