# No. 25-4607

# United States Court of Appeals
# for the Fourth Circuit

---

**UNITED STATES OF AMERICA,**
*Appellee,*

**v.**

**SINA GHOLINEJAD,**
*Appellant.*

---

*On Appeal from the United States District Court
for the Eastern District of North Carolina*

---

## RESPONSE BRIEF OF THE UNITED STATES

---

W. ELLIS BOYLE
*United States Attorney*

BY:   LUCY PARTAIN BROWN
KATHERINE S. ENGLANDER
*Assistant United States Attorneys*

150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Telephone:  (919) 856-4530

*Attorneys for Appellee*

## TABLE OF CONTENTS

Table of Authorities ................................................................ii

Statement of Jurisdiction ....................................................... 1

Statement of Issues.............................................................. 2

Statement of Facts............................................................... 3

Summary of Argument............................................................ 6

Argument ....................................................................... 7

**I.     The difference in wording between pronouncement and judgment makes no difference in fact, so it is immaterial and not error.**

        A.     Standard of Review...................................................... 7

        B.     Discussion of Issue. ................................................... 7

Conclusion ..................................................................... 11

Certificate of Compliance

i

## TABLE OF AUTHORITIES

### Cases

*United States v. Aborisade,*
  163 F.4th 856 (4th Cir. 2026) ................................................................. 8, 9

*United States v. Cisson,*
  33 F.4th 185 (4th Cir. 2022) ..................................................................... 7

*United States v. Johnson,*
  765 F.3d 702 (7th Cir. 2014) ..................................................................... 7

*United States v. Kemp,*
  88 F.4th 539 (4th Cir. 2023) .................................................................... 10

*United States v. Lassiter,*
  96 F.4th 629 (4th Cir. 2024) .................................................................... 10

*United States v. Mathis,*
  103 F.4th 193 (4th Cir. 2024) ............................................................... 8, 9

*United States v. McLaurin,*
  No. 24-4261, 2026 WL 962713 (4th Cir. Apr. 9, 2026) ............................ 10

*United States v. Rogers,*
  961 F.3d 291 (4th Cir. 2020) ..................................................................... 7

*United States v. Singletary,*
  984 F.3d 341 (4th Cir. 2021) ..................................................................... 7

*United States v. Tostado,*
  No. 23-4423, 2026 WL 881728 (4th Cir. Mar. 31, 2026)........................... 10

*United States v. Turner,*
  122 F.4th 511 (4th Cir. 2024),
  *cert. denied* 145 S. Ct. 1894 (2025) ........................................................... 7

ii

## Statutes

18 U.S.C. § 2 ...................................................................................................3

18 U.S.C. § 371 ...............................................................................................3

18 U.S.C. § 1030(a) .........................................................................................3

18 U.S.C. § 1030(c) .........................................................................................3

18 U.S.C. § 1343 .............................................................................................3

18 U.S.C. § 1349 .............................................................................................3

18 U.S.C. § 1956(a) .........................................................................................3

18 U.S.C. § 1956(h) .........................................................................................3

18 U.S.C. § 3231 .............................................................................................1

18 U.S.C. § 3742(a) .........................................................................................1

28 U.S.C. § 1291 .............................................................................................1

# STATEMENT OF JURISDICTION

Defendant Sina Gholinejad appeals from a judgment of conviction following a guilty plea. Jurisdiction to the district court was established by 18 U.S.C. § 3231.

Jurisdiction to this Court is provided by 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The judgment was entered on November 5, 2025, and Defendant filed a timely notice of appeal on November 6, 2025.

## STATEMENT OF ISSUES

Whether this Court should remand for a full resentencing where the difference in wording between the district court's oral pronouncement and written judgment makes no substantive difference.

## STATEMENT OF FACTS

### Procedural History

A grand jury charged Defendant Sina Gholinejad with conspiracy to defraud the United States, in violation of 18 U.S.C. §§ 371 and 1030(a) and (c) (Count One); two counts of damage to a protected computer used by an entity of the United States and aiding and abetting, in violation of 18 U.S.C. §§ 1030(a) and (c) and 2 (Counts Two and Four); two counts of threatening to damage a protected computer and aiding and abetting, in violation of 18 U.S.C. §§ 1030(a) and (c) and 2 (Counts Three and Five); conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349 (Count Six); and money laundering conspiracy, in violation of 18 U.S.C. §§ 1956(a) and (h) (Count Seven). J.A. 21–32. He pleaded guilty to Counts Four and Six with a written plea agreement. J.A. 37–46. The district court sentenced him to 72 months' imprisonment. J.A. 3. He appealed. J.A. 16.

### Offense Conduct

For about five years, Defendant and coconspirators deployed ransomware known as "Robbinhood" to encrypt files on victim computer systems in the United States, including the cities of Greenville, North Carolina, and Baltimore, Maryland, as well as corporations, healthcare organizations, and other entities. J.A. 91, ¶¶ 10, 12. Robbinhood blocked victims' access to files until they paid a ransom. J.A. 91, ¶ 10. Victims often paid both to regain file access but also to ensure the files were deleted from Defendant's system. J.A. 91, ¶ 10.

3

Defendant pleaded guilty for his damage to protected computers for the City of Baltimore, Maryland, resulting in a loss of over $5,000 and affecting ten or more computers (Count Four), as well as conspiracy to commit wire fraud (Count Six). J.A. 40–42.

## Presentence Investigation Report

After Defendant pleaded guilty, a Presentence Investigation Report (PSR) summarized the offense conduct, including the impact on Defendant's victims. J.A. 91–94, ¶¶ 10–16. It also proposed a condition of supervised release that, "If the defendant has any unpaid amount of restitutions, fines, or special assessments, the defendant shall notify probation office of any material change in economic circumstances that might affect the defendant's ability to pay." J.A. 102, ¶ 88.

## Sentencing Hearing

At sentencing, the parties informed the district court that they agreed on a total restitution sum of $14,655,096.24, which the court accepted. J.A. 140. The district court did not impose a fine, though the sentence included the "mandatory special assessment of $100 as to each of Counts 4 and 6," totaling $200. J.A. 143. His attorney told the court that "he can't pay restitution. He can't pay a fine." J.A. 182.

As to the special conditions of supervised release, Defendant did not object to the conditions proposed in the PSR. J.A. 138. When pronouncing its sentence, the district court said, "If the Defendant has any unpaid amount of

4

restitutions, fines, or special assessments, the Defendant shall notify the probation office of any material change in economic circumstances that might affect the Defendant's ability to pay all of these financial conditions tied to the Defendant's restitution obligation." J.A. 199–200.

Defendant's judgment read, "If the defendant has any unpaid amount of restitutions, fines, or special assessments, the defendant shall notify probation office of any material change in economic circumstances that might affect the defendant's ability to pay."[1] J.A. 6. The Schedule of Payments notified Defendant that his "[p]ayments shall be applied in the following order: (1) assessment, (2) restitution principal…." J.A. 9; *see also* J.A. 7 (waiving restitution interest).

---

[1]   The court did not impose a fine. J.A. 7.

5

## SUMMARY OF ARGUMENT

The slight difference between the oral pronouncement's and written judgment's wording of the notification condition is immaterial because Defendant will never have an additional duty to notify. Where the difference in wording makes no difference in fact, there is no *Rogers* error.

## ARGUMENT

### I.  The difference in wording between pronouncement and judgment makes no difference in fact, so it is immaterial and not error.

#### A.    Standard of Review.

This Court reviews "the consistency of [the] oral sentence and the written judgment de novo, 'comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law.'" *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (quoting *United States v. Johnson*, 765 F.3d 702, 710 (7th Cir. 2014)).

#### B.    Discussion of Issue.

A district court must orally pronounce at sentencing all discretionary conditions of supervised release. *Rogers*, 961 F.3d at 297. "This conclusion flows naturally from a fundamental precept: A defendant has the right to be present when he is sentenced." *Id.* Accordingly, district courts cannot impose discretionary conditions of supervised release in the written judgment that they did not pronounce orally. *See United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021).

But this Court has also distinguished between "a complete failure to announce a discretionary condition" and "an alleged *inconsistency* between the descriptions of a condition in [an] oral sentence and in [a] written judgment." *United States v. Cisson*, 33 F.4th 185, 193 (4th Cir. 2022) (emphasis in original). "Not every inconsistency between a written judgment and an oral pronouncement is reversible *Rogers* error." *United States v. Turner*, 122 F.4th 511, 520 (4th

7

Cir. 2024), *cert. denied,* 145 S. Ct. 1894 (2025) (citing *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024)). Only a "material discrepancy . . . may constitute [a] *Rogers* error." *Mathis*, 103 F.4th at 197 (internal quotation marks omitted); *see also United States v. Aborisade*, 163 F.4th 856, 867–68 (4th Cir. 2026) (finding differently-worded conditions were "consistent" where they were "*functionally* the same.") (emphasis added).

Here, the district court orally announced the following supervised release condition at the sentencing hearing: "If the Defendant has any unpaid amount of restitutions, fines, or special assessments, the Defendant shall notify the probation office of any material change in economic circumstances that might affect the Defendant's ability to pay all of these financial conditions tied to the Defendant's restitution obligation." J.A. 199–200. The written judgment then omitted the final clause, to wit: "tied to the Defendant's restitution obligation." J.A. 6. Defendant claims this "added an unannounced notification requirement" to report any inability to pay the special assessment. Brief at 10. He is wrong because this minor difference in spoken versus written word makes no difference in fact or application.

Defendant's judgment establishes that any payments he makes will be "applied in the following order: (1) assessment, (2) restitution principal." J.A. 9. That is, the first $200 paid goes to satisfy the special assessment; not until that is fully satisfied will any payment apply to the restitution. Thus, if he cannot pay his $200 special assessment, he will necessarily be unable to pay his restitution, which he must report under the plain wording of the oral pronouncement and

the written judgment. So, despite Defendant's claim, there is no *additional* requirement to report an inability to pay the special assessment: it automatically results from notification of an inability to satisfy the financial obligations and would be unnecessary if notifying that he could not meet his restitution obligations. Either way, there is no new obligation to report an inability to pay the special assessment. Because the conditions are *functionally* the same, there is no material inconsistency and no *Rogers* error. *See Aborisade*, 163 F.4th at 867–68.

Consider the example of a Tootsie Pop: a chocolate candy center encased in a lollipop shell. At sentencing, the district court would say: "Notify us if you cannot finish the chocolate center." The judgment would then say: "Notify us if you cannot finish the Tootsie Pop." Any report of an inability to finish the lollipop shell would inhere in a notification that the defendant cannot finish the Tootsie Pop and would be unnecessary in notifying that he cannot finish the chocolate center (which he could only access if he *had* finished the lollipop shell). Either way, there is no new obligation to report an inability to finish the lollipop shell. Where the impact is the same, there is no material difference just because of different wording. So, too, here.

\*          \*          \*

Should the Court nevertheless find a material inconsistency between the oral pronouncement and written judgment here, the government recognizes that binding precedent dictates that the remedy for this error is to "vacate the entire sentence and remand for the district court to resentence the defendant." *United States v. Mathis*, 103 F.4th 193, 198 (4th Cir. 2024) (internal quotation marks

9

omitted). But, as a preservation argument, the government contends that the remedy should be narrower than full resentencing. *See United States v. Lassiter*, 96 F.4th 629, 641 (4th Cir. 2024) (Agee, J., concurring); *United States v. Kemp*, 88 F.4th 539, 551 (4th Cir. 2023) (Quattlebaum, J., concurring); *see also United States v. McLaurin*, No. 24-4261, 2026 WL 962713, at *4 (4th Cir. Apr. 9, 2026) (published) (Richardson, J., respecting the denial of rehearing en banc); *United States v. Tostado*, No. 23-4423, 2026 WL 881728, at *7-9 (4th Cir. Mar. 31, 2026) (published) (Rushing, J., dissenting).

# CONCLUSION

For the foregoing reasons, the United States respectfully submits that the judgment of the district court should be affirmed, or, in the alternative, the Court should remand for a limited purpose.

Respectfully submitted, this 5th day of May, 2026.

W. ELLIS BOYLE
*United States Attorney*

BY:  */s/ Lucy Partain Brown*
LUCY PARTAIN BROWN
*Assistant United States Attorney*
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina  27601
Telephone: 919-856-4530

KATHERINE S. ENGLANDER
*Assistant United States Attorney*

*Of Counsel*

11

# CERTIFICATE OF COMPLIANCE

1.    Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that this brief meets the page or type-volume limits of Rule 32(a) because, exclusive of the portions of the document exempted by Rule 32(f), this brief contains:

☒    _____11_____    Pages *(may not exceed 30 pages for a principal brief or 15 pages for reply brief, pursuant to Rule 32(a)(7)(A))*; or

☐    _____    Words *(may not exceed 13,000 words for a principal brief or 6,500 words for reply brief, pursuant to Rule 32(a)(7)(B)).*

2.    Further, this document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in Microsoft Word 365 using fourteen-point *Calisto MT*, a proportional-width typeface.

*/s/ Lucy Partain Brown*
LUCY PARTAIN BROWN
*Assistant United States Attorney*