No. 25-4607

IN THE

# United States Court of Appeals
# for the Fourth Circuit

UNITED STATES OF AMERICA,
Appellee,

v.

SINA GHOLINEJAD,
Appellant.

—————————

On Appeal from the United States District Court
for the Eastern District of North Carolina (Myers, C.J.)

—————————

## REPLY BRIEF FOR APPELLANT

—————————

G. ALAN DUBOIS
FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF NORTH CAROLINA

ANDREW DESIMONE
ASSISTANT FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF NORTH CAROLINA
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
(919) 856-4236

JUNE 11, 2026                    *Counsel for Appellant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ii

ARGUMENT ................................................................................................. 1

The district court reversibly erred under *United States v. Rogers* when it imposed a discretionary notification duty in the written judgment that materially differs from the orally pronounced notification duty... 1

CONCLUSION ............................................................................................. 3

CERTIFICATION OF COMPLIANCE

# TABLE OF AUTHORITIES

## CASES

*United States v. Aborisade,*
    163 F.4th 856 (4th Cir. 2026)........................................................2

*United States v. Collins,*
    415 F.3d 304 (4th Cir. 2005)........................................................2

*United States v. Mathis,*
    103 F.4th 193 (4th Cir. 2024).......................................................2

*United States v. Mathis,*
    No. 21-4578, 2024 U.S. App. LEXIS 18528
    (4th Cir. July 6, 2024)..............................................................3

*United States v. Rogers,*
    961 F.3d 291 (4th Cir. 2020) ...................................................1, 2

# ARGUMENT

**The district court reversibly erred under *United States v. Rogers* when it imposed a discretionary notification duty in the written judgment that materially differs from the orally pronounced notification duty.**

The government asserts the discrepancy is immaterial, speculating that if Mr. Gholinejad "cannot pay his $200 special assessment, he will *necessarily* be unable to pay his restitution, which he must report under the plain wording of the oral pronouncement and the written judgment." Gov't Br. 8-9 (emphasis added). But that is not necessarily so.

As the government acknowledges, the schedule of payments in the written judgment "notified Defendant that his '[p]ayments shall be applied in the following order: (1) assessment, (2) restitution principal....'" Gov't Br. 5 (quoting JA9). Mr. Gholinejad therefore understands that his first several payments as a newly-released and indigent felon looking for work will go towards his special assessments, not his restitution obligation. If he faces a temporary material change in finances during that time, he would logically think it would impact only his payments towards his special assessments. He would *not* necessarily think he would be unable to make future payments towards his

restitution obligation, which payments had not even begun. Therefore, any temporary difficulty Mr. Gholinejad may face in paying his special assessments soon after release does *not* mean that "he will *necessarily* be unable to pay his restitution[.]" Gov't Br. 8 (emphasis added).

As a result, and unlike in *United States v. Aborisade*, the oral and written conditions here are not "functionally the same." 163 F.4th 856, 867 (4th Cir. 2026). Rather, the written condition did "outline an additional obligation[,]" *id.* at 868 (citation omitted), which amounted to *Rogers* error. *See United States v. Mathis*, 103 F.4th 193, 198 (4th Cir. 2024) (written judgment's addition of notification requirement was *Rogers* error).

The government also makes a "preservation argument" that if this Courts finds a *Rogers* error, "the remedy should be narrower than full resentencing." Gov't Br. 9-10. But "[a] decision of a panel of this Court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." *United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) (quotation omitted). Here, this Court remains bound by *Rogers* and its progeny, as this Court denied en banc

review of that issue in *United States v. Mathis*, No. 21-4578, 2024 U.S. App. LEXIS 18528 (4th Cir. July 6, 2024), and the Supreme Court has not spoken.

## CONCLUSION

For the foregoing reasons, this Court should vacate the judgment and remand Mr. Gholinejad's case for resentencing.

Respectfully submitted,

G. ALAN DUBOIS
FEDERAL PUBLIC DEFENDER

/s/ *Andrew DeSimone*
ANDREW DESIMONE
ASSISTANT FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF NORTH CAROLINA
150 Fayetteville Street, Suite 450
Raleigh, NC 27601
(919) 856-4236

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 442 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft 365 in 14-point Century Schoolbook font.